**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DOTTIE DESHAEE RACY, ADC #708533,
and CINDY RENEE GUY                                                                      PLAINTIFFS

v.                                         5:11-cv-00155-DPM-JTK

DEPUTY LEWIS, et al.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiffs Racy and Guy are inmates confined at the W.C. Dub Brassell Detention Center (Jail). They filed this pro se 42 U.S.C. § 1983 action, alleging Defendant Lewis threatened them and the remaining Defendants failed to appropriately respond.

### I.    Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.     Facts and Analysis

In their Complaint, Plaintiffs state they witnessed Defendant Lewis confiscate a bottle of drugs from another inmate. Defendant Lewis asked Plaintiffs not to say anything about the matter, stating, "yall better not say anything if you know whats good for you. Cause I know were (sic) you stay...." (Doc. No. 3, p. 13). Despite her threats, Plaintiffs allege they reported the incident to several Jail officials and submitted written statements and grievances. Although Defendants told Plaintiffs the incident was submitted for an internal affairs investigation, Plaintiffs complain they are afraid of recourse from Defendant Lewis, and that the other Defendants have not talked to them about the situation.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.Mo. 1993). However, Plaintiffs' allegations concerning the threats made to them by Defendant Lewis do not state an actionable constitutional claim. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997), quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992). In addition, the "constitution does not protect against all intrusions on one's peace of mind. Fear of

emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." King, 117 F.3d at 1067, quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). In this particular case, Plaintiffs allege Defendant Lewis threatened them to keep quiet, stating she knew where they stayed. This is not a sufficient threat to constitute an invasion of a liberty interest, as set forth in King. Therefore, this allegation fails to state a claim upon which relief may be granted.

In addition, the Court also finds that any allegation relating to the remaining Defendants' failure to act on Plaintiffs' statements or grievances, fails to state a claim. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982).

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiffs' Complaint against Defendants be DISMISSED for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 7th day of July, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE