**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CINDY RENEE GUY,                                                                                      PLAINTIFF
ADC #711235

VS.                                          5:11-cv-00155-JTK

DEPUTY LEWIS, et al.                                                                                DEFENDANTS

**MEMORANDUM AND ORDER**

**I.     Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 58). Plaintiff filed a Response in opposition to the Motion, and Defendants filed a Reply (Doc. Nos. 62, 63).

Plaintiff is a state inmate who filed this action pursuant to 42 U.S.C. § 1983 with another former inmate, Dottie Deshae Racy, while they were incarcerated at the Dub Brassell Detention Center (Jail) (Doc. No. 3).[1] By Order dated November 9, 2011 (Doc. No. 29), the Court granted Plaintiffs' Motion to Amend their Complaint, with respect to Plaintiff Racy's allegation of denial of due process by Defendants Tyler and Adams, and both Plaintiffs' retaliation allegations against Defendant Adams. On May 9, 2012, Plaintiff Racy was dismissed from this action, for failure to prosecute (Doc. No. 55).

**II.    Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

---

[1]During the course of this litigation, Plaintiff Guy was transferred to the McPherson Unit of the Arkansas Department of Correction and Plaintiff Racy was released from incarceration (Doc. Nos. 9, 43.)

1

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

  **A.** **Defendants' Motion**

  Defendant Tyler asks the Court to dismiss her from this action, because the only claim against her was Plaintiff Racy's due process claim, which was dismissed when Racy was dismissed on May 9, 2012 (Doc. No. 55).  Defendant Adams asks the Court to dismiss Plaintiff's retaliation claim against him for failure to state a claim upon which relief may be granted.  According to the Amended Complaint, the retaliation claim against Defendant Adams is based on his alleged transfer of Plaintiff Racy from a cell where she was housed with Plaintiff Guy (Doc. No. 22, p. 22; Doc. No. 25, p. 6.)  In the present Motion, Adams states that Plaintiff's speculative allegation that the transfer was retaliatory is insufficient to support her claim, and that she cannot provide any evidence to support her claim.  Adams cites in support Meuir v. Green County Jail Employees, 487 F.3d 1115,

1119 (8th Cir. 2007) and Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996). Adams also asks the Court to dismiss Guy's claim because she was not the inmate who was transferred, and it appears that there is no constitutional right to be housed with a particular inmate.

### B. Plaintiff's Response

Plaintiff Guy states in her Response that Adams was aware of the Plaintiffs' lawsuit and was responsible for the transfer of Racy. She also states Adams retaliated against her by punishing her for possession of cigarettes and by failing to provide adequate cleaning supplies for her cell.

### C. Defendants' Reply

Defendants state that Guy's reasons in support of her retaliation claim – that everyone in the jail knew she filed a lawsuit, and that a deputy told her Adams made the call to move Racy – are speculative and do not support a retaliation claim. In addition, the remaining claims referred to by Plaintiff in her Response were dismissed pursuant to the Court's November 9, 2011 Order (Doc. No. 29).

### D. Analysis

Initially, the Court finds that Defendant Tyler should be dismissed, because the only claim against her was asserted by Plaintiff Racy, who is no longer a party to this lawsuit. In addition, the Court agrees with Defendant Adams that Plaintiff's claims against him in his official capacity should be dismissed for failure to allege that his actions were the result of a governmental custom or policy, pursuant to Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978), and Parrish v. Luckie, 963 F.2d 201, 204 (8th Cir. 1992).

With respect to Plaintiff's individual-capacity claim against Defendant Adams, an inmate states a claim for retaliation if the defendant takes an adverse action in response to the inmate's

protected activity, such as retaliating against someone for filing a grievance or lawsuit. See Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994). However, Plaintiff must be able to submit affirmative evidence of the retaliatory motive of Defendant in order to avoid summary judgment, and cannot merely speculate that the act was retaliatory. See Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007), where the court stated, "To avoid summary judgment, [plaintiff] must submit 'affirmative evidence [of] a retaliatory motive.'" quoting Wilson v. Northcutt, 441 F.3d 586, 592 (8th Cir. 2006) (other citations omitted). See also Meuir, 487 F.3d at 1119, where the court stated, "The plaintiff-inmate has a heavy evidentiary burden to establish a prima facie case....Merely alleging that an act was retaliatory is insufficient." (Other citations omitted.)

In this case, Plaintiff states in the Amended Complaint that the only reason they (she and Racy) can think of for Adams' transfer of Racy "was the lawsuit." (Doc. No. 22, pp. 22-23). However, this is insufficient speculation to support her claim against Defendant Adams. Plaintiff provides no specific facts to link the filing of the lawsuit to Defendant Adams' decision to transfer Racy, or in which a retaliatory animus could be inferred. Furthermore, the Court finds that Plaintiff cannot rely on another inmate's transfer (as opposed to her own transfer) as the retaliation for the filing of her lawsuit. Therefore, the Court finds as a matter of law that Plaintiff's retaliation claim against Defendant Adams should be dismissed.

**III.    Conclusion**

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 58) is GRANTED and Plaintiff's complaint against Defendants is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 10th day of September, 2012.

                                                          _____
                                                          JEROME T. KEARNEY
                                                          UNITED STATES MAGISTRATE JUDGE